UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      No. 1:24-CR-158

vs.                               Hon. Paul L. Maloney
                                        United States District Judge

KIRBY PERRAULT,

        Defendant.
_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Kirby Perrault and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.     <u>Plea to Information</u>. The defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a felony information charging him with health care fraud, in violation of 18 U.S.C. § 1347.

2.     <u>The Defendant Understands the Crime</u>. In order for the defendant to be guilty of violating 18 U.S.C. § 1347, the following must be true:

    a. The defendant knowingly and willfully executed or attempted to execute a scheme to defraud a health care benefit program, or to obtain, by means of false or fraudulent pretenses, representations, or promises any of the money or property owned by or in the control of a

    health care benefit program, in connection with the delivery of, or payment for, health care benefits, items or services;

  b. The scheme included a material misrepresentation or concealment of a material fact; and

  c. The defendant had the intent to defraud.

The defendant is pleading guilty because he is guilty of the charge described above.

  3. <u>The Defendant Understands the Penalty</u>.  The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1347 is ten years' imprisonment, followed by three years' supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.

  4. <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>.

    a. <u>Assessment</u>. The defendant agrees to pay the special assessment on the day of sentencing.

    b. <u>Restitution</u>. The defendant acknowledges the Court will order restitution as required by law. Pursuant to 18 U.S.C. § 3663A, the defendant agrees to pay restitution for losses to all victims of his scheme to defraud a health care benefit program, including victims of the count of conviction and victims of uncharged relevant conduct.  The parties agree the restitution amount is at least $231,187.99 and recognize and agree that this amount could change based on facts that come to

the attention of the parties prior to sentencing. The Court will determine the final amount at sentencing. The defendant agrees to pay at least $231,187.99 in restitution prior to sentencing by submitting funds to the Clerk of the Court. The parties agree that any prepayment of restitution will result in a commensurate reduction in the money judgment as more fully described in ¶ 5 below.

    c.    <u>Financial Cooperation</u>. The defendant also:

        i.  agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

        ii.  agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

        iii. agrees that prior to sentencing and until criminal monetary penalties are paid in full, he will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. The defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact his financial condition.

    5.    <u>Asset Forfeiture and Financial Accountability</u>. The defendant agrees to disclose to law enforcement officials the whereabouts of, his ownership interest in, and all other information known to him about, all assets, money or

property of any kind, derived from or acquired as a result of, or used to facilitate the commission of, his illegal activities. The defendant agrees to assist and cooperate in the recovery of all monies, property, or assets derived from, or acquired as a result of, the offense charged in the Information. The defendant further agrees to forfeit all rights, title, and interest in and to such items.

The defendant agrees to forfeit to the United States the sum of $231,187.99, which represents the proceeds he obtained as a result of his commission of the offense charged in the Information.

The defendant consents to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).  The defendant acknowledges that the proceeds he obtained, directly or indirectly from health care fraud, in violation of 18 U.S.C. § 1347, cannot be located upon the exercise of due diligence and/or have been commingled with other property which cannot be divided without difficulty. Accordingly, he consents to the forfeiture of substitute assets to satisfy the forfeiture money judgment.

The parties further agree that the defendant should receive credit against the forfeiture money judgment sought by the United States for all funds he pays as restitution with the Clerk of the Court prior to the time of sentencing.  Accordingly, for all funds the defendant deposits with the Clerk of the Court as restitution prior to sentencing, the Government will move for a commensurate reduction in his forfeiture money judgment.

The U.S. Attorney's Office agrees to submit a restoration request to the Department of Justice Money Laundering and Asset Recovery Section for the

application of any proceeds from such forfeited property towards Defendant's restitution order. Defendant acknowledges that the Department of Justice Money Laundering and Asset Recovery Section has the sole authority to grant or deny the restoration request and that the submission of such a request by the U.S. Attorney's Office does not guarantee that such request will be granted.

6. <u>Factual Basis of Guilt</u>. The defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

    a. At all times relevant to the Information, the defendant was the proprietor of Okemos Family Chiropractic, a chiropractic clinic in the Western District of Michigan.

    b. At all times relevant to the Information, insurers Blue Cross Blue Shield of Michigan (BCBSM), McLaren Health ("McLaren"), Physicians Health Plan ("PHP"), and Cigna Healthcare ("Cigna") were health care benefit programs as defined in 18 U.S.C. § 24(b). These insurers contracted with clients of its health care insurance business to pay for medical benefits, items, and services; including qualifying chiropractic treatments.

    c. Beginning not later than January 2016, and continuing until at least December 2019, the defendant knowingly and intentionally caused OFC to submit false billing statements to the insurers for payment. In order to obtain their money, the defendant made and caused false and misleading representations in those billings, including:

      i. That OFC billed for treatments the patients did not actually receive;

      ii. That certain treatments were of a sufficient duration to qualify for reimbursement under the insurers' rules;

      iii. That certain treatments were provided by or under the supervision of a chiropractor, when they were not; and,

      iv. That certain treatments were provided by different chiropractors than the ones who actually saw the patients, because he knew that the insurers would not pay a chiropractor to treat his own family members.

    d. When the defendant made and caused the false representations above to be made, he had the intent to defraud the insurers.

    e. The parties agree that a reasonable estimate of the false billings submitted by OFC during from 2016-2019 is $507,588.32. The parties further agree that a reasonable estimate of the actual amount paid to OFC as a result of those false billings is $231,187.99.

    7. <u>Exclusion from Participation</u>.  The parties agree that pursuant to Title 42, United States Code, Section 1320a-7, upon conviction the defendant will be mandatorily excluded from participation in any federal health care program as defined in Title 42, United States Code, Section 1320a-7b(f), for a period of at least five years.

    8. <u>Acceptance of Responsibility</u>.  The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for

acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1.  Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

9. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. The defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range.  Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

10. <u>Waiver of Constitutional Rights</u>.  By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court.  As a result of the defendant's guilty plea, there will be no trial.  At any trial, whether by jury or by the Court, the defendant would have had the following rights:

a. The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent him.

  b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove him guilty beyond a reasonable doubt.

  c. The right to confront and cross-examine witnesses against him.

  d. The right to testify on his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

  e. The right not to be compelled to testify, and, if he chose not to testify or present evidence, to have that choice not be used against him.

  f. By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

11. <u>FOIA Requests.</u>  The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

12. <u>Hyde Waiver.</u>  The defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and hereby disclaims and waives any right to make any claim for attorney fees.

13. <u>The Court is not a Party to this Agreement</u>.  The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, he cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement.  The defendant understands that no one—not the prosecutor, the defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence he will receive, except that it will be within the statutory maximum.

14. <u>This Agreement is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by the defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15. <u>Consequences of Breach</u>.  If the defendant breaches any provision of this agreement, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, the defendant

shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

16. <u>This is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

17. <u>Deadline for Acceptance of Agreement</u>.  If a copy of this agreement, executed by the defendant and defense counsel, is not returned to the U.S. Attorney's Office by October 21, 2024, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

MARK A. TOTTEN
United States Attorney

October 24, 2024
Date

NILS R. KESSLER
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the

10

sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_10/21/24_
Date

_[signature]_
KIRBY PERRAULT
Defendant

I am Kirby Perrault's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_10/21/24_
Date

_[signature]_
MARK J. KRIGER
Attorney for Defendant

_[signature] by MK w/consent_
Matthew G. Borgula
Attorney for Defendant

11